UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CEG HOLDINGS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-787-LJM-JMS |
| | ) | |
| LASCO BATHWARE, INC., | ) | |
|     Defendant. | ) | |

## ORDER

This matter pends on plaintiff's, CEG Holdings, Inc. ("Plaintiff"), Motion to Dismiss Counts II and III of the Complaint without prejudice. These two counts address alleged patent infringement of two patents different from each other as well as the patent addressed in Count I. Plaintiff, in its motion, expresses a desire to pursue this case only as to the patent infringement claim in Count I and seeks a dismissal of the other two Counts without prejudice. Defendant, Lasco Bathware, Inc. ("Defendant"), responds with a request that the Court deny the request to dismiss without prejudice and enter a dismissal with prejudice.

As both parties are aware, Federal Rule of Civil Procedure 41(a)(2) states, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Case law informs us that

> [i]t upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose this extreme remedy. The plaintiff here deserved such notice and an opportunity to proceed with the litigation of this case. At the very least, plaintiff deserved an opportunity to respond to defendants' request for dismissal with prejudice.

*Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994).

In the instant case, Plaintiff was given the opportunity to respond to Defendant's request that the two counts be dismissed with prejudice. Plaintiff could have availed itself of that opportunity in the reply. It chose instead to argue only that it should be given notice. Whether an opportunity in a reply is a sufficient opportunity has not been addressed in a holding in any Circuit Court opinion of which this Court is now aware.

The Rule requires that the dismissal, either with prejudice or without, not be granted without an order of the court setting out the conditions upon which the dismissal would depend. The Rule requires that the conditions of the dismissal be set prior to the entry of the dismissal. It is appropriate that the Plaintiff be given notice of those conditions prior to the entry of the judgment so that it may determine whether to withdraw its motion and proceed to face trial or some disposition short of trial.

The Court now **GRANTS** the Motion to Dismiss without prejudice on the condition that Plaintiff pay the attorney fees of Defendant, which fees represent the portion of the case thus far dedicated to the defense of Counts II and III and the response to the Motion to Dismiss. Plaintiff shall have until November 25, 2008, to withdraw its motion to dismiss. In the event that Plaintiff does not withdraw its motion, Defendant shall have until November 29, 2008, to prepare and file its affidavit of attorney fees.

A **hearing on the fee petition is hereby set for <u>Wednesday, December 17, 2008, at 2:00 p.m.,</u>** in Courtroom 202, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

IT IS SO ORDERED this 10th day of November, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:[1]

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Jenna Catherine Lower
ALERDING CASTOR LLP
jlower@alerdingcastor.com

Spencer Patrick Goodson
BARNES & THORNBURG LLP
sgoodson@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

---

[1] Please note that the court will not mail a copy of this entry to any attorney of record who has not provided his/her e-mail address to the court. As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they will receive notice of future entries from the court by e-mail. Information on how to register is on the court's website: http://www.insd.uscourts.gov