UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CEG HOLDINGS, LLC, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:07-cv-0787-LJM-JMS |
| ) | | |
| LASCO BATHWARE, INC., ) | | |
|     Defendant. ) | | |

## ORDER ON MOTION FOR ATTORNEY'S FEES AND TO DECLARE CASE EXCEPTIONAL

This cause is before the Court on Defendant's, Lasco Bathware, Inc. ("Lasco"), Motion for Attorney's Fees and to Declare Case Exceptional. This Court has ruled on Lasco's earlier Motion for Summary Judgment concluding that U.S. Patent No. 6,279,177 ("the '177 patent") is invalid *vis-à-vis* Lasco's Masterpiece line of whirlpool tubs. Lasco now asserts that this case is exceptional and argues that it is entitled to attorney's fees under 35 U.S.C. § 285. It also argues that it is entitled to fees pursuant to either 28 U.S.C. § 1927 or the Court's inherent powers because of CEG's alleged litigation misconduct. The Court has fully considered the parties' arguments and, for the following reasons, **DENIES** Lasco's motion.

## I. BACKGROUND

For a recitation of the facts the Court directs the reader to its Order on Summary Judgment. Dkt. No. 170. The Court will add facts below as necessary.

## II. STANDARDS

### A. 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Determining whether attorney's fees should be awarded is a two step process. *See Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1366-67 (Fed. Cir. 2007). First, the Court must determine whether there is clear and convincing evidence that the case is exceptional. *Id.* at 1367. Clear and convincing evidence is an intermediate standard of proof that lies between the "beyond a reasonable doubt" standard and the "preponderance of the evidence" standard. *See Addington v. Texas*, 441 U.S. 418, 425 (1979). Then, if clear and convincing evidence exists, the Court is to determine in its discretion whether an award of attorney's fees is justified. *Digeo, Inc.*, 505 F.3d at 1367.

"Cases in which an accused patent infringer ultimately prevails . . . do not automatically constitute 'exceptional' cases." *M-B-W, Inc. v. Multiquip, Inc.*, Case No. 07-cv-390, 2010 U.S. Dist. LEXIS 127017, at *9 (E.D. Wis. Nov. 19, 2010); *see also Kao Corp. v. Unilever United States, Inc.*, 441 F.3d 963, 975 (Fed. Cir. 2006) (noting that "[a]lthough Kao's litigation position with respect to the infringement issue did not prevail, it was not so lacking in merit as to warrant 'exceptional' status"). "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Rule 11], or like infractions.*"* *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). In addition, a court may find that a case is exceptional because it is frivolous. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.

Cir. 1989). "A frivolous infringement suit is one in which the patentee knew or, on reasoanble investigation, should have known, was baseless." *Haynes Int'l Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993).

Even when the Court determines that a case is exceptional, the decision to award fees is discretionary. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001). The judge may weigh the degree of culpability of the patentee, the closeness of the question, litigation behavior as well as other factors that may shed light on whether "fee shifting may serve as an instrument of justice." *Id.*

## B. 28 U.S.C. § 1927

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because of its penal nature, § 1927 must be strictly construed." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 182 (7th Cir. 1985) (citing *Knorr Brake Co. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984). Accordingly, § 1927 permits the Court to assess costs on opposing counsel only in response to "a serious and studied disregard for the orderly process of justice." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968). Bad faith can be demonstrated by objective or subjective evidence, but this does not mean that ordinary negligence constitutes bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). On the contrary, bad faith is exemplified by counsel acting recklessly, counsel raising baseless claims despite notice of

3

their frivolous nature, or counsel showing indifference to statutes, rules, or court orders. *Id.* at 1184-85. That is not to say that only reckless or indifferent behavior on the part of counsel satisfies the bad faith standard. Indeed, "the bad faith standard of § 1927 has an objective component, and extremely negligent conduct . . . satisfies that standard." *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (internal quotations omitted).

### C. INHERENT POWERS

Under the "American Rule" each party to a lawsuit bears its own expenses. *Esposito v. Piatrowski*, 223 F.3d 497, 500 (7th Cir. 2000). However, a court can exercise its inherent power to except parties from this rule. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). A court may invoke its inherent power "to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad faith conduct or willful disobedience of a court's orders." *Stive v. United States*, 366 F.3d 520, 521 (7th Cir. 2004) (quoting *Chambers* 501 U.S. at 47).

### III. DISCUSSION

In its briefing Lasco recites a laundry list of CEG's actions that it asserts warrant a finding that the instant case is exceptional and that Lasco is entitled to attorney's fees. *See* Dkt. No. 175 at 2-3. Most of the items cited by Lasco amount to little more than counsel's pre-litigation maneuvering which fails to amount to subjective bad faith, recklessness, or extreme negligence. Accordingly, the actions that Lasco cites as "litigation misconduct" do not entitle it to attorney's fees pursuant to either the court's inherent power or under § 1927.

4

*See Stive*, 366 F.3d at 521 (quoting *Chambers* 501 U.S. at 47); *Claiborne*, 414 F.3d at 721. The items on Lasco's list also do not warrant a conclusion that the case is exceptional. *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1350 (Fed. Cir. 2004) (noting that the litigation conduct which may create an exceptional case for the purpose of awarding fees includes "unjustified litigation or frivolous filings"). When discussing what litigation conduct may create an exceptional case, *Glaxo Group* makes no mention of any of the types of behavior Lasco listed in its briefing. *See id.*

The most troubling of Lasco's accusations is that CEG failed to conduct adequate pre-suit investigation. Lasco argues that CEG accused the Contours Radius and Masterpiece lines of whirlpool tubs of infringement without doing adequate pre-suit investigation. Therefore, according to Lasco, the Court should declare the case exceptional and award fees. Lasco claims that neither line of products featured the air-purge system that was the "*raison d'etre*" for the '177 patent and if CEG had adequately investigated, it would have determined that its accusations were baseless. Dkt. No. 175 at 22-24. Additionally, Lasco claims that because the Court concluded that the Masterpiece line was actually prior art invalidating the '177 patent, CEG's suit was frivolous and warrants the Court's conclusion that the case is exceptional. In the Court's opinion, Lasco has not presented enough evidence of inadequate pre-suit investigation to cross the clear and convincing threshold. "[A] patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Brooks Furniture Mfg.*, 393 F.3d 1378. Accordingly, the Court concludes that the case is not exceptional and declines to award Lasco any fees.

## **CONCLUSION**

For the foregoing reasons, Defendant's, Lasco Bathware, Inc., Motion for Attorney's Fees and to Declare the Case Exceptional is **DENIED**.

IT IS SO ORDERED this 22th day of December 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Joseph W. Barber
THE PATTERSON LAW FIRM LLC
jbarber@pattersonlawfirm.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com, dprout@hooverhull.com, fgipson@hooverhull.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com, rmiller@hooverhull.com

Abraham Murphy
ABRAHAM MURPHY, ATTORNEY AT LAW, LLC
murphy@abrahammurphy.com

Thomas E. Patterson
THE PATTERSON LAW FIRM LLC
tep@pattersonlawfirm.com, tepatterson@pattersonlawfirm.com

Gordon L. Pittenger
TAFT STETTINIUS & HOLLISTER LLP
gpittenger@taftlaw.com, phultman@taftlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG LLP
lynn.tyler@btlaw.com, cwitten@btlaw.com, cstamas@btlaw.com